UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-23204-CIV-SCOLA/GOODMAN

THE ELIE NEUFELD, LLC,

    Plaintiff,

v.

EDWARD WOLF & ASSOCIATES, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT

In this seven-count, Fair Debt Collection Act case, Plaintiff The Elie Neufeld, LLC filed a motion for a default judgment. [ECF No. 14]. United States District Judge Robert N. Scola, Jr. referred Plaintiff's motion to the Undersigned for a Report and Recommendations. [ECF No. 15].

For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **deny without prejudice** Plaintiff's motion.

As noted, Plaintiff's Complaint contains seven distinct counts. [ECF No. 1]. The counts vary between federal and state claims, and each of them incorporate all 36 preceding paragraphs. *Id.* The Undersigned is recommending the Plaintiff's motion be denied because it is deficient.

Despite seeking default judgment on a multi-count Complaint, Plaintiff's motion contains **no** analysis, **no** law, **no** citations to the Complaint, and **no** citations to the docket. Essentially, Plaintiff's motion just states -- in unelaborated terms -- that the clerk has entered a default and now Plaintiff wants the Court to enter a default judgment and award Plaintiff attorneys' fees.

Local Rule 7.1(a)(1) requires that every motion, subject to certain exceptions, incorporate a memorandum of law citing supporting authorities for the relief requested. *See* S.D. Fla. L.R. 7.1(a)(1); *see also Belony v. Amtrust Bank*, No. 09-82335-CIV, 2011 WL 2297669, at *2 (S.D. Fla. June 8, 2011) (finding that a defendant's "failure to cite [ ] authority ... [made] it difficult for the Court to rule in [the defendant's] favor" and that the "deficient memorandum of law [was] itself a basis to deny [the] motion").

Courts in this circuit routinely deny motions for default judgment which contain no substantive analysis. *See, e.g., Valle v. AA & K Restoration Grp.*, LLC, No. 1:19-CV-20873-KMM, 2019 WL 13192198, at *2 (S.D. Fla. Oct. 23, 2019) ("[A] proper motion for default judgment should 'state in the liability section of its memorandum of law the elements of each cause of action on which it seeks a default judgment and show with pinpoint citations to the amended complaint how the well-pleaded facts in the amended complaint establish each element.'" (quoting *Jaguar Imports, LLC v. Phoenix Glob. Ventures, Inc.*, No. 6:12-cv-1486-OrL-31KRS, 2013 WL 12170484, at *1 (M.D. Fla. Mar. 21, 2013))); *BMO Harris Bank, NA v. DTL Transp., Inc.*, No. 616CV2238ORL37KRS, 2017 WL 8314658, at *1 (M.D.

Fla. June 6, 2017) (denying without prejudice a default judgment motion because it "merely assert[ed] that [the] [d]efendant is liable and focuse[d] on [the] [p]laintiff's entitlement to various remedies"); *St. Michael Press Publ'g Co. v. One Unknown Wreck Believed to be the Archangel Michael*, No. 12-80596-CIV, 2013 WL 12171816, at *1 (S.D. Fla. Feb. 12, 2013) (denying the plaintiff's default judgment motion because, among other reasons, it failed to include a legal memorandum).

Accordingly, the Undersigned **respectfully recommends** that the District Court **deny without** prejudice Plaintiff's motion. Additionally, the Undersigned **respectfully recommends** that, if this Report and Recommendations is adopted, Plaintiff be instructed that any future motion for a default judgment must include a meaningful memorandum of law which explains the elements of each of its claims and pinpoints which paragraphs of the Complaint support a default judgment as to each individual count. Further, the District Court should also instruct Plaintiff that any request for attorneys' fees must be in full compliance with the Local Rules.

## OBJECTIONS

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and

3

shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on December 8, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All counsel of record