UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-23204-CIV-SCOLA/GOODMAN

THE ELIE NEUFELD, LLC,

      Plaintiff,

v.

EDWARD WOLF & ASSOCIATES, LLC,

      Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON PLAINTIFF'S**
**AMENDED MOTION FOR A DEFAULT JUDGMENT**

In this seven-count, Fair Debt Collection Practices Act ("FDCPA") and Florida

Consumer Collection Practices Act ("FCCPA") case, Plaintiff, the Elie Neufeld, LLC

("Plaintiff"), filed an Amended Motion for a Default Judgment. [ECF No. 17]. United

States District Judge Robert N. Scola, Jr. referred Plaintiff's motion to the Undersigned

for a Report and Recommendations. [ECF No. 19]. The Undersigned reviewed the motion

and other relevant portions of the record.[1] As explained below, the Undersigned

**respectfully recommends** that Judge Scola **grant in part** and **deny in part** Plaintiff's

Motion.

---

[1]    Defendant did not file a response to Plaintiff's motion, and the time to do so has
now expired.

## I.        Background

Plaintiff filed this action against Defendant under the FDCPA and the FCCPA. [ECF No. 1]. After being duly served with process, Defendant failed to file a response to Plaintiff's Complaint. [ECF No. 9]. On November 2, 2022, the Deputy Clerk filed an Entry of Default as to Defendant. [ECF No. 11]. On December 22, 2022, Plaintiff filed an Amended Motion for Default Judgment and Incorporated Memorandum of Law. [ECF No. 17].[2] Plaintiff seeks the entry of a default judgment as well as damages, including attorney's fees and costs against Defendant in the amount of $8,773.96. *Id*.

## II.       Applicable Legal Standard

### A.  Default Judgment

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party may then apply to the district court for a default final judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008). "It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible." *Creative Tile Mktg., Inc. v. SICIS Int'l, S.r.L.*, 922 F. Supp. 1534, 1536 (S.D. Fla. 1996).

---

[2]        Judge Scola denied Plaintiff's original Motion for Default Judgment without prejudice due to it "containing no analysis, no law, and no citations to the record." [ECF No. 18].

A court may not enter a default final judgment based solely on the existence of a clerk's default. "Prior to entering a default judgment, the Court must ensure that it has subject matter jurisdiction over the action and personal jurisdiction over the defendant, the defendant has been properly served, and the complaint adequately states a claim upon which relief may be granted." *Verdejo v. HP Inc.*, No. 21-20431-CIV, 2021 WL 5933727, at *12 (S.D. Fla. Nov. 8, 2021), appeal dismissed, No. 21-14267-JJ, 2022 WL 758024 (11th Cir. Jan. 20, 2022) (Scola, J.). A court is required to examine the allegations in the complaint to see if they are well-pleaded and present a sufficient basis to support a default judgment on the causes of action. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[3] Only those factual allegations that are well-pleaded are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

If the facts in the complaint are sufficient to establish liability, then the Court must determine the appropriate amount of damages. *See Petmed Express, Inc. v. Medpets.com, Inc.*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004). Where all the essential evidence is in the record, an evidentiary hearing on damages is not required. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearing in a

---

[3]     In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), our appellate court held that all Fifth Circuit decisions issued before September 30, 1981 would become binding precedent in the Eleventh Circuit.

permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record.").

### B. Attorney's Fees and Costs

Typically, under the "American Rule", "each party bears its own attorney's fees." *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1331 (11th Cir. 2002) (acknowledging "the general applicability of the American Rule regarding fee shifting, i.e., that each party bears its own attorneys' fees"); *Panama Shipping Lines, Inc. v. Ciramar Int'l Trading, Ltd.*, No. 08-21213-CIV, 2009 WL 812714, at *3 n.8 (S.D. Fla. Mar. 26, 2009) ("The American Rule stands for the proposition that 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.'" (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247 (1975)). Thus, "absent statute or enforceable contract, litigants pay their own attorneys' fees." *Alyeska Pipeline Serv. Co.,* 421 U.S. at 257.

The party seeking attorney's fees bears the burden of establishing entitlement via statute or enforceable contract. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) ("[F]ee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). And "[b]ecause the right to attorney's fees must be found in a contract or statute, the specific text of the contractual or statutory provision granting the right is critical to determining an award of fees." *Cabrera v. Haims Motors, Inc.*, No. 17-CV-60500, 2018 WL 2455438, at *2

(S.D. Fla. June 1, 2018), report and recommendation adopted, No. 17-CIV-60500, 2018 WL 4409844 (S.D. Fla. June 19, 2018) (citing *Florida Medical Ctr. v. McCoy*, 657 So. 2d 1248, 1250 (Fla. 4th DCA 1995)).

The party seeking an award of attorney's fees has the burden of presenting evidence of the hours worked and the rates claimed. *Hensley*, 461 U.S. at 433. The prevailing party cannot simply provide affidavits attesting to the reasonableness of the rates. *Norman*, 836 F.2d at 1299. Hours that are "excessive, redundant, or otherwise unnecessary" should be excluded from the claim, as those hours are unreasonable. *Id*. (quoting *Hensley*, 461 U.S. at 434). The applicant must supply the court with detailed records showing the amount of time spent on the claim, as well as the nature of the activity at each stage of the case. *Norman*, 836 F.2d at 1303. Judges are themselves experts in assessing the reasonableness of attorney's fees and may form an independent judgment as to the amount and reasonableness of those fees. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *see also Crescenzo v. Healthcare Revenue Recovery Grp., LLC*, No. 11-60384-CIV, 2012 WL 291431, at *2 (S.D. Fla. Jan. 31, 2012).

Regarding costs, absent a federal statute, civil procedure rule, or order to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file a bill of costs, adhering to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

> (1)    Fees of the clerk and marshal;
> (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3)    Fees and disbursements for printing and witnesses;
> (4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5)    Docket fees under section 1923 of this title;
> (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the Court can still exercise discretion in awarding the costs that § 1920 enumerates. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). When challenging whether costs are taxable, "the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (internal citations omitted). Nevertheless, the Court is still limited to taxing only those costs specifically authorized by statute. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

Here, Plaintiff seeks attorney's fees and costs under both the FDCPA and FCCPA. The FDCPA states that:

> any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a)(3).

The FDCPA entitles a prevailing party to the payment of costs and reasonable attorney's fees. *Danow v. Law Off. of David Borback, P.A.,* 634 F. Supp. 2d 1337, 1339 (S.D. Fla. 2009). In addition, it allows the court to award damages not exceeding $1,000. 15 U.S.C. § 1692k(a)(2)(A).

Similarly, under the FCCPA, this Court has discretion to award attorney's fees and costs to the prevailing party:

> Any person who fails to comply with any provision of [§] 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with [§] 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional.

Fla. Stat. § 559.77. As quoted above, the FCCPA also allows the court to award damages not exceeding $1,000. *Id.*

The Court "itself [is] an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman,* 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). Additionally, "[a] request for attorney's fees should not result in a second major litigation." *Id.* (quoting *Hensley*, 461 U.S. at 437) (alteration in original).

The Court is tasked with determining a reasonable fee award. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 434. This amount is typically referred to as the "lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008).

## III. Legal Analysis

This Court has jurisdiction under 28 U.S.C. § 1331 because this case was filed under the FDCPA. Additionally, under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the FCCPA claims. Plaintiff alleges that the Defendant engaged in illegal trade practices in its attempts to collect a debt from Plaintiff. [ECF No. 1, ¶ 11].

### A.  Default Judgment

Pursuant to the provisions of Federal Rule of Civil Procedure 55, when a party against whom affirmative relief is sought has failed to plead or otherwise defend, as provided by the Rules of Civil Procedure, such as the Defendant in this action, a default shall be entered against that party. Because of the default, Defendant has admitted the well-pleaded allegations of the Complaint. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1277-78 (11th Cir. 2005).

As noted earlier, "[d]efault does not automatically warrant the entry of default judgment." *Oxebridge Quality Res. Int'l, LLC v. LaBelle*, No. 8:20-CV-2176-CEH-SPF, 2023 WL 3227154, at *2 (M.D. Fla. May 3, 2023). Thus, the Undersigned must first determine

whether there is sufficient basis in the complaint for judgment to be entered. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (internal citation omitted) ("A defendant's default does not in itself warrant the court entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered[.]"); *see also, Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (stating "liability is well-pled in the complaint, and is therefore established by the entry of default").

Plaintiff's Complaint alleges that Defendant violated sections 1692(b) through (f) of the FDCPA. *See, generally*, Complaint [ECF No. 1]. The Complaint additionally alleges that Defendant violated Fla. Stat. § 501.204 and the FCCPA, Fla. Stat. § 559.72. *Id.*

To establish a violation of the FDCPA, "a plaintiff must prove: (1) [ ]he has been the object of collection activity arising out of consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA." *Ambroise v. Am. Credit Adjusters, LLC*, No. 15-22444-CIV, 2016 WL 6080454, at *2 (S.D. Fla. Mar. 22, 2016) (citations omitted). "The FCCPA is modeled after the FDCPA, and it prohibits similar conduct by debt collectors." *Ingraham v. Cap. Link Mgmt. LLC*, No. 22-CV-22691, 2022 WL 14813740, at *2 (S.D. Fla. Oct. 25, 2022). Moreover, "the FCCPA prohibits debt collectors from attempting to enforce a debt that they know is illegitimate or asserting the existence of a legal right that they know does not exist." *Id.; see also Alvarado v. Featured Mediation, LLC*, No. 8:16-CV-3259-T-30JSS, 2017 WL 1552248, at *2 (M.D. Fla. May 1, 2017).

Here, Plaintiff met all of the elements to each of the claims in the unopposed Complaint. By default, Defendant admitted the truth of these allegations.[4] Defendant is a debt collector who continuously attempted to collect a debt it knew to be unenforceable by misrepresenting that the debt was valid and legally enforceable against Plaintiff. Defendant did this despite knowing that a state court judge discharged the debt at issue in Plaintiff's related civil action, 2022-013386-CA-01.[5]

This Court finds Plaintiff's complaint to be sufficient in establishing Defendant's liability under the FDCPA, the FCCPA, and Fla. Stat. § 501.204. Because Plaintiff sufficiently established Defendant's liability, this Court now looks to the issue of damages.

**B. Statutory Damages**

Plaintiff seeks statutory damages in the amount of $1,000 for Defendant's violations of the FCCPA and $1,000 for its violations of the FDCPA. A consumer who brings a successful claim under the FDCPA or the FCCPA is entitled to an award of statutory damages in such an amount as the Court may allow, up to $1,000.00. 15 U.S.C. § 1692k; Fla. Stat. § 559.77(2). Under both statutes, "[t]he decision whether to award

---

[4]     Defendant was properly served in this case. [ECF No. 9].

[5]     The related civil action discharged the fraudulent debt on August 25, 2022, yet the Defendant continued to request payment through means of harassment and other improper forms of communication. [ECF Nos. 17; 17-1].

statutory damages . . . and the size of the award are matters committed to the sound discretion of the district court." *Ingraham*, 2022 WL 14813740, at *2 (citing *Proescher v. Sec. Collection Agency*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3432737, at *9 (M.D. Fla. June 8, 2018), report and recommendation adopted, No. 3:17-CV-1052-J-32PDB, 2018 WL 3428157 (M.D. Fla. July 16, 2018) (quoting authority omitted)).

Upon review of the repeated phone calls, voicemails, text message, and emails provided by Plaintiff, the Undersigned finds that the statutory damages are warranted. Defendant, through various means, harassed Plaintiff personally[6] and continuously pushed for payment on a debt that did not exist. The nature and extent of Defendant's conduct warrants the maximum amount of statutory damages provided under both statutes. *See, e.g., Peterson v. Cap. Link Mgmt. LLC*, No. 3:21CV951-MCR-HTC, 2023 WL 2885202, at *3 (N.D. Fla. Feb. 6, 2023), report and recommendation adopted, No. 3:21CV951-MCR-HTC, 2023 WL 3045527 (N.D. Fla. Apr. 21, 2023); *Ingram*, 2022 WL 14813740, at * 2 (collecting cases); *see also, Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1366 (N.D. Ga. 2011) (granting plaintiff's motion for default judgment and awarding maximum statutory damages solely based on defendant's failure to identify itself as a debt collector in a "handful" of messages left for plaintiff). As such, the

---

[6]     Defendant knew Plaintiff was represented by counsel yet still persisted in communicating with Plaintiff directly. *See, generally*, [ECF No. 17].

Undersigned respectfully recommends that Plaintiff's request as to statutory damages be **granted**.

### C.  Attorney's Fees

Plaintiff additionally seeks an award of reasonable attorney's fees and costs in the amount of $4,840.00 and $1,933.96, respectively. The Undersigned concludes that Plaintiff is entitled to fees under the laws cited in the Complaint. Thus, the only issue remaining is the reasonableness of Plaintiff's request.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 434. This amount is typically referred to as the "lodestar." *Thornton*, 312 F. App'x at 163-64. The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). This lodestar amount may then be adjusted upward or downward, based upon other considerations. *Hensley*, 461 U.S. at 433-37.

Plaintiff requests $4,840 in attorney's fees. The fees are associated with the following timekeepers: Ismael Green (seeking $400 an hour) and Gary Lipscomb (seeking $200 an hour). The Undersigned finds that these rates are reasonable in light of awards in similar cases, the experience of the attorneys, and the skill required to perform the work in this type of case.

However, Plaintiff's motion includes one entry that this Court deems unreasonable. The problematic entry is related to what this Court considers clerical work. The September 21, 2022 entry by Gary Limpscomb is not compensable because he seeks a fee of $80 for "obtain[ing] the summons issued and returned [sic] that went to [Defendant] and the Complaints [sic]." [ECF No. 17-2].

Attorney fees cannot be awarded for non-legal work or for work not traditionally done by an attorney. *See Munoz v. Kobi Karp Arch. & Interior*, No. 09-21273, 2010 WL 2243795, at *6 (S.D. Fla. May 13, 2010) (explaining that plaintiff's counsel is not entitled to attorney's fees for work on clerical tasks or non-legal work); *In re Saf T Lok, Inc. Sec. Litig.*, No. 02-80252-CIV, 2005 WL 8156138, at *6 (S.D. Fla. June 29, 2005) (rejecting fee request for non-legal work such as "conducting Internet searches, conferring with fellow investigators, writing e-mails, making telephone calls, and interviewing former shareholders . . . performed by paralegals, law clerks, investigators and other non-attorney personnel"). The Undersigned finds that simply obtaining paperwork falls under this category. As such, the Undersigned respectfully recommends that Plaintiff's request as to attorney's fees be **granted in part** and that Plaintiff be awarded $4,760 ($4,840 minus $80).

### D. Bill of Costs

Plaintiff seeks to tax $1,933.96 for costs incurred with respect to the instant litigation. Plaintiff's motion includes a costs affidavit. [ECF No. 17-2]. In the affidavit,

Plaintiff includes the costs related to the process server. Plaintiff lists $810 as the amount of process server costs. *Id*. However, Plaintiff's motion fails to include any argument or documentation supporting that request. As such, the Court is unable to determine whether those are recoverable, and the Undersigned respectfully recommends that Plaintiff's request as to the process server costs be **granted in part** and that Plaintiff be awarded $1,123.96 ($1,933.96 minus $810).

## IV. Conclusion

For the reasons discussed above, the Undersigned **respectfully recommends** that Judge Scola **grant in part** and **deny in part** Plaintiff's Amended Motion for Default Judgment and enter a judgment in favor of Plaintiff and against Defendant in the amount of $2,000.00 in statutory damages, $4,760.00 in attorney's fees, and $1,123.96 in costs (all totaling an award of **$7,883.96**).

## V. Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of

justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

      **RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on June 23, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All counsel of record